NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-758                                          Appeals Court

F.A.P. vs. J.E.S.

No. 14-P-758.

Middlesex.     February 5, 2015. - June 30, 2015.

Present: Vuono, Milkey, & Blake, JJ.

Civil Harassment. Harassment Prevention. Protective Order.
    Rape. Minor. Child Abuse. Witness, Cross-examination.
    Evidence, Hearsay. Practice, Civil, Hearsay.

Complaint for protection from harassment filed in the Middlesex County Division of the Juvenile Court Department on March 21, 2013.

The case was heard by Gwendolyn R. Tyre, J.

Dennis R. Brown for the defendant.
Kimberly Ann Parr for the plaintiff.

MILKEY, J. At an ex parte hearing, a Juvenile Court judge issued a temporary harassment prevention order against the defendant, an eleven year old boy. See G. L. c. 258E, § 5. The order was issued based on allegations that the defendant had digitally raped the plaintiff, the seven year old girl on whose

behalf the harassment complaint was filed.  Following an evidentiary hearing, the judge extended the order for one year.[1] On appeal of the order issued after hearing,[2] the defendant argues that the evidence of "harassment" was legally insufficient, and that the judge erred in multiple additional respects:  by applying an erroneous interpretation of the statute, by improperly admitting hearsay testimony, and by unduly constraining his ability to cross-examine the plaintiff's witnesses.  Although we are unpersuaded by most of the defendant's arguments, we agree that the judge applied an incorrect view of the law.  We therefore remand this matter for further consideration.

1.  Background.[3]  The parents of the two children were close family friends, and their families spent a considerable amount

---

[1] The hearing took place some seven months after the complaint was filed.  In the interim, the judge issued multiple orders extending the original ex parte order (apparently by agreement).

[2] At oral argument, the parties represented that the order since has been extended again (without the judge's taking any new evidence), and that the extended order remains in effect. An appeal of the most recent extension order is not before us, but, in any event, the current appeal has not become moot.  See Seney v. Morhy, 467 Mass. 58, 61-62 (2014).

[3] "The facts are drawn from the judge's findings, 'supplemented by the background purposes by uncontested testimony found in the record. . . .'"  Prenaveau v. Prenaveau, 75 Mass. App. Ct. 131, 132 n.1 (2009), quoting from A.Z. v. B.Z., 431 Mass. 150, 151 (2000).

of time together.  During the afternoon of January 25, 2013, a
Friday, the defendant and his mother arrived at the plaintiff's
home where they spent the next several hours.  At one point, the
defendant and girl were unsupervised together on the second
floor.[4]  This caused the plaintiff's mother some concern because
the children had, on one occasion in the past, engaged in some
inappropriate touching.[5]  A few minutes after the plaintiff's
mother called for the children to come downstairs, the plaintiff
reported that she was bleeding from her vaginal area.  Both
mothers examined her in a bathroom and confirmed that she was in
fact bleeding.  The plaintiff's mother called a doctor to
discuss the matter, and eventually brought the plaintiff in for
an appointment the following Monday.  The remainder of the
evening was unremarkable.

When initially questioned by her mother, the plaintiff said
she was unaware of anything that might have caused the bleeding.
The plaintiff reported the same to her doctor, who found a small
tear on her labia.  On further questioning, the plaintiff
suggested to her mother that the injury might have been caused

---

[4] The defendant's mother testified that the two children
were never alone together that day, but the judge expressly
declined to credit that testimony.

[5] In the prior incident, the defendant and the plaintiff
(together with their younger siblings) had participated in what
was characterized as the "bum drum," in which the participants
"drummed" the others' bare behinds.

by an incident on the school playground during recess. After the plaintiff's mother learned from the school that there had been no recess during the applicable time period due to inclement weather, she began more intensively questioning the plaintiff about what might have caused the injury. During such questioning, she implored the plaintiff to tell the truth, while threatening punishment if she did not. According to her mother, the plaintiff finally "cracked" and informed her that just before the bleeding started, the defendant had "shoved his fingers up there" and then told her not to tell anyone or they both would get in trouble. The plaintiff's mother reported her daughter's allegation to the local police, and a delinquency complaint was ultimately filed against the defendant. On March 21, 2013, the plaintiff's mother filed the current harassment action on her daughter's behalf.

The plaintiff herself did not testify. Through her attorney, she notified the defendant of her intent to have her out-of-court statements introduced through her mother's testimony. The defendant countered with a motion in limine seeking to exclude such testimony except through invocation of G. L. c. 233, § 82(a), inserted by St. 1990, c. 339.[6] The judge

---

[6] Subject to various provisos and exceptions, that statute allows the introduction of "out-of-court statements of a child under the age of ten describing any act of sexual contact performed on or with the child, the circumstances under which it

agreed with the defendant's position that this statute applied if the plaintiff's statements were to be admitted for their truth. She nevertheless denied the defendant's motion on the grounds that she was not going to admit the statements for their truth.[7] The judge's position remained constant throughout the trial, and in her findings and rulings, she explained her views as follows:

> "The procedural requirements of [G. L. c.] 233, § 82 are required when child hearsay is offered for its truth. Here, the Court made it clear to the parties throughout the proceedings that the [girl's] statements were not admitted for their truth, but were instead admitted for the purpose of establishing her state of mind and generally that [she] made an allegation of sexual abuse against the [boy], which served as the basis for the [G. L. c.] 258E complaint."

The judge went on to explain why she believed that her ruling was in accord with the purpose of the statute. In the judge's view, all that the plaintiff needed to show to obtain a harassment order was that she feared the defendant based on her allegation that he had committed an act (here a rape) that fit

---

occurred, or which identifies the perpetrator . . . as substantive evidence in any civil proceeding." One critical proviso is that the child be demonstrated to be "unavailable." In turn, "unavailability" is broadly defined to include, inter alia, a showing that "testifying would be likely to cause severe psychological or emotional trauma to the child."

[7] Because the judge did not consider the out-of-court statements for their truth, the defendant's argument that the judge improperly admitted hearsay evidence fails. However, we have considered the defendant's hearsay arguments in evaluating whether, on remand, the out-of-court statements could be used for their truth.

within the statutory definition of "harassment." According to the judge, whether the defendant actually committed the alleged rape was not properly before her; instead, that was for the parallel delinquency proceeding. Citing to O'Brien v. Borowski, 461 Mass. 415, 427 (2012), the judge stated that "[t]he standard in M.G.L. ch. 258E cases is one of fear."

2. Discussion. We begin by addressing what a plaintiff must establish to obtain a harassment prevention order. Such an order can be sought by anyone "suffering from harassment." G. L. c. 258E, § 3, inserted by St. 2010, c. 112, § 30. The statute sets forth two definitions of "harassment." The first, which does not apply to the facts of this case, defines "harassment" as "3 or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1, inserted by St. 2010, c. 23 (definition of "harassment," subsection [i]). See generally O'Brien v. Borowski, supra at 419-420; Seney v. Morhy, 467 Mass. 58, 63 (2014).

The second definition of "harassment" applies to situations where, as here, a defendant allegedly committed one or more acts of sexual misconduct. G. L. c. 258E, § 1 (definition of

"harassment," subsection [ii]).[8]  Under this definition, a
plaintiff can establish the need for a harassment prevention
order in either of two ways that largely overlap.  First, a
plaintiff can show that a defendant "by force, threat or duress
cause[d the plaintiff] to involuntarily engage in sexual
relations."[9]  Second, a plaintiff can prove that a defendant
committed any of twelve specifically enumerated sex crimes,
including -- as relevant here -- rape of a child, G. L. c. 265,
§ 22A.

If the defendant digitally raped the plaintiff, this would
constitute a violation of G. L. c. 265, § 22A, and that, by
definition, would amount to "harassment."  Proof that the
defendant intended to instill fear, and in fact did so, would be
wholly unnecessary.[10]  Thus, by focusing on whether the defendant

_____

[8] This portion of the statutory definition reads in full as
follows:

"(ii) an act that: (A) by force, threat or duress causes
another to involuntarily engage in sexual relations; or (B)
constitutes a violation of section 13B, 13F, 13H, 22, 22A,
23, 24, 24B, 26C, 43 or 43A of chapter 265 or section 3 of
chapter 272."

The O'Brien court referred to this as an "alternative
definition" of harassment.  See 461 Mass. at 419 n.4.

[9] This is identical to form of "abuse" defined in G. L.
c. 209A, § 1(c).

[10] Proof of rape of a child requires no showing of "force,
threat or duress."  The presence or absence of fear could play a
role in other circumstances where a plaintiff separately was

intended and caused fear, the judge added elements that the plaintiff had no burden to prove under the theory of harassment under which she was proceeding. In addition, the judge erred by avoiding the question of whether she believed the alleged rape actually occurred (that is, whether there was proof of the second definition of harassment). To be sure, whether the defendant committed the rape beyond a reasonable doubt will be resolved in the delinquency proceeding. However, where, as here, a claim of harassment is based on an allegation that the defendant committed one of the enumerated sex crimes, the judge is not free to avoid addressing whether the plaintiff had proven, by a preponderance of the evidence, that the defendant in fact committed that crime. Before turning to what remedy is appropriate to address the judge's having applied an incorrect legal standard, and decided the case under the wrong theory, we examine the defendant's other claims of error.

3. <u>Sufficiency</u>. The defendant argues that there was insufficient admitted evidence to support the issuance of a harassment order under a proper reading of the statute. The most compelling evidence that the defendant raped the plaintiff was, of course, the plaintiff's out-of-court statements that he

---

alleging that a defendant "by force, threat or duress cause[d the plaintiff] to involuntarily engage in sexual relations," or was trying to prove a violation of one of the other enumerated sex crimes.

did.  However, because the judge did not admit those statements for their truth, we do not consider them for sufficiency purposes.[11]  Apart from the out-of-court statements, there was evidence that a seven year old girl suffered a labial tear directly after having been alone with a defendant who had previously engaged in an indecent touching of her.  That evidence was sufficient to support a finding, by a preponderance of the evidence, that the defendant raped the plaintiff.

4.  <u>Limitations on cross-examination</u>.  There is no merit to the defendant's argument that the judge unduly constrained his right to cross-examine the plaintiff's witnesses.  Despite the straightforward nature of the plaintiff's allegations, the evidentiary hearing stretched on for three days.  Throughout the proceedings, the defendant was afforded extensive opportunities to press the plaintiff's witnesses on the details of their testimony and to explore their credibility.  Although the judge did tell the defendant's counsel to "move on" to another topic on multiple occasions, this generally was only after the defendant was given an exhaustive opportunity to explore the

---

[11] We do not mean to suggest that if the admitted evidence were insufficient, then this necessarily would be the end of the matter.  As discussed below, we disagree with the judge's ruling that G. L. c. 233, § 82, barred the plaintiff's out-of-court statements from being admitted for their truth.  In addition, we note that this is a civil proceeding in which principles of double jeopardy do not apply.

subject.[12]  Especially in light of the nature of the proceedings
at issue, the judge acted well within her discretion in limiting
cross-examination.  In short, the defendant was given a
"meaningful opportunity to challenge the other's evidence," C.O.
v. M.M., 442 Mass. 648, 657 (2004), and that is all that is
ultimately required.[13]  Moreover, the judge appropriately was
concerned that the defendant was in fact attempting to use
cross-examination for an improper purpose.  See Guidelines for
Judicial Practice: Abuse Prevention Proceedings § 5:01 (2011)

---

[12] The defendant highlights that when the judge told the
defendant's counsel to move on, she sometimes did so while
commenting that counsel had made his point.  The judge
ultimately found the plaintiff's mother credible on the key
point that the defendant and girl had been together upstairs
directly before the plaintiff came down to report her bleeding.
The judge was free to accept the testimony of the witness on
that point, regardless of whether she credited every aspect of
her testimony.  The determinative question is whether the
defendant was given a fair opportunity to explore the witness's
credibility.

[13]  The one subject area in which the judge denied the
defendant any opportunity to explore is whether the plaintiff's
mother had made prior false allegations of sexual misconduct
against others (either on behalf of herself or on behalf of the
plaintiff).  See generally Commonwealth v. Bohannon, 376 Mass.
90, 93-95 (1978) (recognizing a limited exception to the general
rule barring evidence of prior false accusations).  There was no
error in the judge's shutting off this line of questioning.
Putting aside the question of whether the exception recognized
in Bohannon has any role in the context of an harassment action,
for several reasons, the defendant has not demonstrated any
"special circumstances" warranting the invocation of that
exception here (especially where consent was not at issue and
where the defendant offered no "independent third party records"
to demonstrate the manifest falsity of any prior allegations).
See Commonwealth v. Sperrazza, 379 Mass. 166, 169 (1979).

("Both parties have a general right to cross-examine witnesses, but the judge should not permit cross-examination to be used for harassment or intimidation or for discovery purposes").[14]

5. Remedy. Because we have concluded that there was sufficient evidence of harassment to support the judge's order, but that the judge applied an incorrect view of the law, the case must be remanded for further proceedings.[15] The "final determination" of whether or not harassment in fact occurred will be for the judge, "who has heard the evidence and can best determine its credibility" on remand. See Schrottman v. Barnicle, 386 Mass. 627, 640 (1982) (finding sufficient evidence of negligence but ordering a remand for findings by the trial judge on whether there was negligence). The only question that

---

[14] The Supreme Judicial Court repeatedly has cited these guidelines as an authoritative source for proceedings and orders pursuant to G. L. c. 209A. See Frizado v. Frizado, 420 Mass. 592, 598 n.5 (1995); C.O. v. M.M., 442 Mass. at 653; MacDonald v. Caruso, 467 Mass. at 387, 388 n.8 (2014); Singh v. Capualo, 468 Mass. 328, 330-331 (2014). Harassment orders under G. L. c. 258E were "intended to protect victims who could not legally seek protection under G. L. c. 209A." Seney v. Morhy, 467 Mass. at 60 (2014). See also O'Brien v. Borowski, 461 Mass. at 418. As the court noted in both cases, the procedures under the two statutes are very similar; as a result, we see no reason why the Guidelines for Judicial Practice: Abuse Prevention Proceedings should not apply equally in harassment order proceedings, absent some issue particular to harassment orders.

[15] There are some intimations in the judge's findings and rulings that she believed that the alleged rape likely occurred. However, given her forceful statements eschewing any role in making such a determination, we conclude that a remand is necessary.

remains is whether the judge on remand may consider the plaintiff's out-of-court statements for their truth.

6. <u>Hearsay</u>. By definition, a child's out-of-court statements describing sexual contact in child abuse cases cannot be admitted pursuant to G. L. c. 233, § 82, inserted by St. 1990, c. 339 unless the dictates of that statute have been satisfied (including the requirement that the child be shown to be "unavailable"). However, by that statute's explicit terms, "[a]n out-of-court statement admissible by common law or by [other] statute shall remain admissible notwithstanding the provisions of this statute." G. L. c. 233, § 82(<u>d</u>). Thus, if a child's out-of-court statements are otherwise admissible, the preconditions to admissibility set forth in G. L. c. 233, § 82, do not apply.

To determine the norms and procedures applicable to harassment prevention orders issued pursuant to G. L. c. 258E, the Supreme Judicial Court has looked to those applicable to abuse prevention orders issued pursuant to G. L. c. 209A. See <u>O'Brien</u> v. <u>Borowski</u>, 461 Mass. at 417-418. In such proceedings, "the rules of evidence need not be followed, provided that there is fairness in what evidence is admitted and relied on." <u>Frizado</u> v. <u>Frizado</u>, 420 Mass. 592, 597-598 (1995).[16] See also

_____

[16] "Because a c. 209A proceeding is a civil and not a criminal proceeding, the constitutional right to confront

Guidelines for Judicial Practice: Abuse Prevention Proceedings, § 5:03 (2011) ("The common law rules of evidence, e.g., those regarding hearsay, authentication, and best evidence, should be applied with flexibility, subject to considerations of fundamental fairness").  Of course, this does not mean that out-of-court statements by alleged child victims automatically qualify for admission in abuse prevention or harassment prevention proceedings.  Rather, due process requires that such statements be considered for their truth only if the judge determines that they carry sufficient indicia of reliability. See Brantley v. Hampden Div. of the Probate & Family Court Department, 457 Mass. 172, 184-188 (2010) (containing an extensive discussion, in the context of care and protection proceedings, of what sorts of out-of-court statements can be admitted consistent with due process).

Based on these considerations, we conclude that the judge erred in concluding that the plaintiff's out-of-court statements categorically could not be considered for their truth unless the conditions set forth in G. L. c. 233, § 82, had been met. Therefore, on remand the judge is free to consider such statements for their truth in the event that she were to

witnesses and to cross-examine them set forth in art. 12 of the Declaration of Rights has no application. . . ."  Id. at 596 n.3.

determine that they carried sufficient indicia of reliability.[17] The parties should be given an opportunity to present argument on that point, but we otherwise leave it to the judge to assess what additional process is appropriate.

7. <u>Conclusion</u>.  For the reasons set forth above, we remand this matter for further proceedings consistent with this opinion.  The current harassment order is to remain in effect in the interim.[18]

<u>So ordered</u>.

---

[17] Because the judge agreed with the defendant that G. L. c. 233, § 82, prevented her from considering the plaintiff's out-of-court statements for their truth, she did not specifically consider whether the statements carried sufficient indicia of reliability.  At the same time, however, the judge did observe that the particular language attributed to the plaintiff (the statement that the defendant "shoved his fingers up there") was "both age appropriate and consistent with the sexual experiences of a seven (7) year old alleging sexual abuse, further supporting the credibility of her allegations."

[18] As noted, the harassment order was extended while this appeal was pending, see n.2, <u>supra</u>, and no appeal of that extension order is before us.  In the event that the judge on remand were to determine that the harassment order that is the subject of this appeal should not have issued, we leave it to the defendant to seek appropriate relief from the trial court with regard to the further extension order and with regard to vacating the order that was before us.