NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1133

J.R.

vs.

B.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an abuse prevention order issued by the District Court at a hearing after notice, following the denial of his motion for a continuance of the hearing.  After review, we vacate the order and remand for further proceedings.

Background.  The plaintiff sought the abuse prevention order when the courts were closed.  As provided for by G. L. c. 209A, § 5, she obtained an ex parte abuse prevention order against the defendant from an emergency response judge.  See Massachusetts Trial Court Guidelines for Judicial Practice: Abuse Prevention Proceedings (Oct. 2021) (Guidelines).  The order was issued at 7:18 P.M. on Wednesday, May 1, 2024.  As required by the Guidelines, and unlike ex parte orders obtained

when court is open for business, the order was set to expire at the close of court business the following day, May 2, 2024, but it noted that it could be extended at a hearing scheduled to take place earlier on that day, May 2 at 9 A.M.

Both parties appeared in court on the morning of Thursday, May 2, 2024. At approximately 11:30 A.M., the clerk called the case and placed the parties under oath. After ascertaining that the plaintiff was seeking an extension of the order and reviewing the plaintiff's supporting affidavit, the judge heard the plaintiff's testimony concerning the events that led her to obtain the abuse prevention order on an emergency basis.

The judge then turned to the defendant, advised him that his testimony could be used by law enforcement in another proceeding, and then asked whether he wanted to participate. The defendant affirmed that he did but asked for a continuance so that he could prepare his defense and have his lawyer present, explaining that he had only been served at midnight, nine hours before the hearing. The judge stated: "This is a civil hearing; you're not -- you're not entitled to have an attorney to represent you, okay?" The defendant said that he had gotten very little sleep, was not feeling well physically or mentally, and had only managed to get to court with great difficulty. He maintained that the plaintiff's claims were

2

false but said that his lawyer had advised him not to speak without the lawyer present. The defendant explained that his lawyer could not be present that day due to the last-minute nature of the hearing. He asked for a two-week extension in order to prepare and have his lawyer's assistance.

The judge denied the request for a continuance, and extended the order for a one-year period of time. The defendant timely appealed. Eleven days after the appeal was filed, the order was terminated at the plaintiff's request.[1]

Discussion. On appeal, the defendant contends that the judge abused his discretion in denying his request for a continuance. "The decision on whether to continue any judicial proceeding is a matter entrusted to the sound discretion of the judge, and the judge's decision will be upheld absent an abuse of that discretion." Adoption of Gillian, 63 Mass. App. Ct. 398, 409-410 (2005). We reverse the decision to deny a continuance only where we find that "the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives." Vazquez Diaz v. Commonwealth, 487

---

[1] Termination of the order, which issued following a hearing on the merits, does not moot the appeal. See Seney v. Morhy, 467 Mass. 58, 62 (2014); Gassman v. Reason, 90 Mass. App. Ct. 1, 5-7 (2016).

Mass. 336, 345 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

This case involves an extension of an emergency ex parte order of less than twenty-four hours' duration issued on an emergency basis under G. L. c. 209A, § 5, by an on-call judge pursuant to the Guidelines.  As in this case, such orders may issue even before the complaint initiating the case is filed.  The statute provides that "[i]f relief has been granted without the filing of a complaint pursuant to this section of this chapter, then the plaintiff shall appear in court on the next available business day to file said complaint."  G. L. c. 209A, § 5.

The Guidelines provide that such an emergency order must expire at the close of the next business day, and that if the plaintiff wishes to have the order last any longer, the plaintiff must appear in person at a hearing the next day.  That hearing will likely be ex parte, and the ordinary rules, including that a two-party hearing be held within ten days of issuance of the ex parte order, would go into effect.  However, the Guidelines provide that "[i]f the defendant can be promptly served with a copy of the emergency order prior to the scheduled hearing, the hearing after notice can proceed at that scheduled hearing."  Guideline 11:00.  The commentary to Guideline 11:00

4

states that, "[i]f the defendant is served with an order that clearly advises the defendant of the date, time, and location of the next hearing, the court, at that hearing, may conduct a hearing after notice and may issue an order for up to one year."

Of course, "[t]o fulfil the intended purposes of the statute, the procedure in abuse prevention matters pursuant to G. L. c. 209A should hew closely to the terms of the statute and the applicable Trial Court guidelines. It is essential, among other things, that hearings be held promptly." Singh v. Capuano, 468 Mass. 328, 334 (2014). And, although judges generally have discretion in scheduling, continuances must not be granted lightly, especially in a c. 209A case. "The decision to continue or suspend a hearing or to postpone the receipt of evidence must be made in light of the judicial responsibility to hear and decide cases in a manner that is consistent with the purposes of the statute and the interests of justice." Id. at 331.

As a matter of due process, the defendant in a c. 209A proceeding is entitled to representation by counsel he has employed. Indeed, almost one hundred years ago the Supreme Court said,

> "If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of

5

> a hearing, and, therefore, of due process in the
> constitutional sense."

Powell v. Alabama, 287 U.S. 45, 69 (1932).  Moreover, c. 209A proceedings are not ordinary civil cases.  Although the procedure in G. L. c. 209A was "intended to be expeditious and as comfortable as it reasonably can be for a lay person to pursue," Frizado v. Frizado, 420 Mass. 592, 598 (1995), the issuance of an order can have very serious consequences for a defendant, making the preference for counsel quite reasonable.  See Jones v. Gallagher, 54 Mass. App. Ct. 883, 887-888 (2002) (noting negative effect of order on future c. 209A proceedings and bail hearings, as well as criminal jeopardy subjecting defendant to warrantless arrest).  The entry of an order against a defendant is maintained in a Statewide database.  This can affect a defendant's liberty in myriad ways for his entire life, including his ability to obtain employment and his treatment by police and other governmental entities.  The facts that give rise to the complaint also can lead to criminal prosecution.  Indeed, in this case the judge cautioned the unrepresented defendant that there could be criminal consequences from his testimony.  Without counsel, the defendant would have no way of knowing how to resolve the dilemma presented.  We have in other contexts upheld against challenge the appointment of counsel for witnesses solely for the purpose of advising them about their

6

Fifth Amendment rights, which they then invoked.  See, e.g.,
Commonwealth v. Sueiras, 72 Mass. App. Ct. 439, 446-447 (2008).

A hearing scheduled too promptly after notice can infringe
on a defendant's due process rights.  See M.M. v. Doucette, 92
Mass. App. Ct. 32, 34-35 (2017) (discussing defendant's right to
due process in c. 209A proceedings).  See also Mullane v.
Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)
(elementary and fundamental requirement of due process is notice
which "must afford reasonable time for those interested to make
their appearance"); Matter of Kenney, 399 Mass. 431, 435 (1987)
("fundamental requisite of due process is an opportunity to be
heard at a meaningful time and in a meaningful manner").  That
the hearing can proceed under the Guidelines does not mean that
it should.  The prompt hearing after notice requirement, after
all, was intended to protect the defendant who is otherwise
restrained without having had due process.  See Guideline 1:02
("Due Process Considerations").

Although there is no bright line, in the circumstances
here, with the defendant representing that he had counsel who
told him not to proceed without him but could not appear at that
time given the short notice, holding the two-party hearing nine
hours after service at midnight violated the defendant's right
to due process.  Here, the defendant requested a two-week

7

continuance in order to prepare and have the assistance of counsel. In advising the defendant that he was not "entitled" to counsel, the judge may have misunderstood the defendant to be seeking court-appointed counsel. On review, however, the record reflects that the defendant clearly explained that he had consulted counsel on his own, that his counsel could not appear on such short notice, and that he was seeking a short continuance in order to obtain counsel's advice, if not presence, for the hearing after notice.

"In considering a request for a continuance, a trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted" (citation omitted). Commonwealth v. Clegg, 61 Mass. App. Ct. 197, 200 (2004). The defendant had extremely short notice of the hearing, and he sought legal advice. The plaintiff was already protected by an ex parte order that could be extended to the next hearing date. The defendant was seeking a short continuance, and the record reveals no apparent prejudice to the plaintiff or other countervailing considerations. Under the circumstances, the defendant's request for a continuance should

8

have been allowed.  The order dated May 2, 2024, is thus vacated, and the case is remanded for a new hearing.

The order dated May 2, 2024, is vacated, and the case is remanded for further proceedings consistent with the memorandum and order of the Appeals Court.

By the Court (Rubin, Shin & Singh, JJ.[2]),

Clerk

Entered: February 13, 2026.

---

[2] The panelists are listed in order of seniority.