NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12183

IN THE MATTER OF N.L.


Middlesex.     December 5, 2016. - March 14, 2017.

Present:  Gants, C.J., Botsford, Lenk, Hines, Gaziano, Lowy, &
Budd, JJ.


Mental Health.  Practice, Civil, Commitment of mentally ill
     person, Continuance, Moot case.  Moot Question.



     Petitions for civil commitment and to authorize medical
treatment filed in the Cambridge Division of the District Court
Department on November 3, 2014.

     A motion for a continuance was heard by Roanne Sragow, J.,
and the petitions were also heard by her.

     The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


     Karen Owen Talley for the respondent.
     Diane M. Geraghty Hall for the petitioner.
     Anna Krieger, Robert D. Fleischner, Jennifer Honig, &
Phillip Kassel, for Center for Public Representation & another,
amici curiae, submitted a brief.


     LOWY, J.  N.L. appeals from the order for his civil

commitment to a mental health facility (hospital), pursuant to

G. L. c. 123, §§ 7 and 8, and the order authorizing his treatment with antipsychotic medications pursuant to G. L. c. 123, § 8B. He argues that the District Court judge improperly denied his prehearing request for a continuance to allow time for his counsel to prepare an adequate defense and an independent medical examiner to complete a psychiatric evaluation. We transferred the case from the Appeals Court to this court on our own motion.

We dismiss the appeal as moot but exercise our discretion to address the issue before us, which is whether a judge may deny a person's (or the person's counsel's) first request for a continuance of a hearing pursuant to G. L. c. 123, § 7 (c) or 8B. We hold that where a person or his or her counsel requests such a continuance, the grant of the continuance is mandatory where a denial thereof is reasonably likely to prejudice a person's ability to prepare a meaningful defense.[1]

Background. 1. Facts. N.L. was admitted to the hospital on October 30, 2014, under the emergency hospitalization provisions of G. L. c. 123, § 12. On November 3, the hospital filed a petition for commitment pursuant to G. L. c. 123, §§ 7 and 8, and a petition for determination of incompetency and for authorization for medical treatment for mental illness pursuant

---

[1] We acknowledge the amicus brief submitted by the Center for Public Representation and the Mental Health Legal Advisors Committee.

to G. L. c. 123, § 8B.  Counsel was appointed for N.L.  The hearing on the petitions was scheduled for November 6.  Due to administrative delays, counsel for N.L. did not receive a copy of N.L.'s medical records until November 5, the same day that an independent psychiatrist retained by counsel first met with N.L.  On November 6, counsel for N.L. filed a motion to continue the hearing to allow him time to prepare a meaningful defense and to allow the independent medical examiner time to complete his evaluation.  The hospital opposed the motion on the grounds that delay would jeopardize N.L.'s safety.  The judge denied the motion to continue without stating her reasons, and proceeded with the commitment hearing.  The judge then ordered N.L. to be involuntarily committed to the hospital for a period not to exceed six months.  Immediately following the commitment hearing, the incompetency and medical treatment hearing commenced.  The judge allowed the hospital's petition to treat N.L. with antipsychotic medication against his will.

N.L. timely appealed this decision to the Appellate Division of the District Court Department.  In September 2015, that court dismissed N.L.'s appeal as moot because he had since been discharged from the hospital, and the court declined to reach his arguments because it held that the circumstances of the case were not "capable of repetition."

2.  Statutory overview.  General Laws c. 123, as is relevant here, provides for procedures to allow the involuntary civil commitment of persons with mental illness, and for the involuntary medical treatment of such persons.

a.  Civil commitment hearings.  Sections 7 and 8 of G. L. c. 123 address the long-term commitment of persons with mental illness.  Under § 7 (a), the superintendent of any facility[2] may petition the District Court for the commitment of any patient[3] already at the facility.[4]  A hearing on this petition must be conducted within five days of its filing, "unless a delay is requested by the person or his counsel."  G. L. c. 123, § 7 (c). Section 8 (a) provides that no person shall be committed unless the District Court finds after a hearing that "(1) such person is mentally ill, and (2) the discharge of such person from a facility would create a likelihood of serious harm."

---

[2] A "facility" is "a public or private facility for the care and treatment of mentally ill persons." G. L. c. 123, § 1.

[3] A "patient" is "any person with whom a licensed mental health professional has established a mental health professional-patient relationship." G. L. c. 123, § 1.

[4] Often, as was the case here, the individual is at the facility under the emergency restraint and temporary hospitalization provisions of G. L. c. 123, § 12, which allow for the commitment of an individual for a three-day period. G. L. c. 123, § 12 (a). See Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 778-781 (2008), for a discussion of the temporary commitment provisions of G. L. c. 123, § 12.

b.  <u>Involuntary medical treatment hearings</u>.  Section 8B of G. L. c. 123 deals with the treatment of committed persons with antipsychotic medications.  If a civil commitment petition is filed under the provisions of G. L. c. 123, §§ 7 and 8, the superintendent of the facility may also petition the District Court under § 8B to allow the treatment of the person with antipsychotic medications against the person's will.  The involuntary medical treatment petition may not be considered by the court unless it has already issued a civil commitment order for the person under §§ 7 and 8.  G. L. c. 123, § 8B (<u>b</u>)  If an involuntary medical treatment petition is filed concurrently with a civil commitment petition -- as was the case here -- a hearing on both must commence on the same day.[5]  G. L. c. 123, § 8B (<u>c</u>).  In such circumstances, this means that a continuance of a civil commitment hearing results in a continuance of the involuntary medical treatment hearing.

c.  <u>Individuals' rights at hearings</u>.  Section 5 of G. L. c. 123 pertains to a person's rights at civil commitment and involuntary medical treatment hearings, including the right to counsel and the right to present independent testimony at the

---

[5] If the involuntary medical treatment petition is not filed concurrently with the civil commitment petition (i.e., the petition is filed after the person has been committed for some period of time), a hearing must occur within fourteen days of the filing of the petition, "unless a delay is requested by the person or his counsel."  G. L. c. 123, § 8B (<u>c</u>).

hearing.  G. L. c. 123, § 5.  An indigent person must be appointed counsel (unless he or she refuses the appointment of counsel), and the court may provide such a person with an independent medical examination.  Id.  A person is allowed "not less than two days after the appearance of his counsel" to prepare the case, and after this minimum period the hearing "shall be conducted forthwith . . . unless counsel requests a delay."  Id.

Discussion.  1.  Mootness.  Before N.L.'s appeal reached the Appellate Division, he was discharged from the hospital. Accordingly, the case is moot.  "However, '[i]ssues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance' and present 'classic examples' of issues that are capable of repetition, yet evading review."  Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 782 (2008), quoting Acting Supt. of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000).  Therefore, we exercise our discretion and decide the issue.

2.  Continuances for civil commitment and involuntary medical treatment hearings.  General Laws c. 123, § 7 (c), provides that civil commitment hearings "shall be commenced

within [five] days of the filing of the petition, unless a delay is requested by the person or his counsel."[6]

Here, the word "unless" provides an exception to the general rule that civil commitment hearings must commence within five days of the filing of the petition. G. L. c. 123, § 7 (c). See Hashimi v. Kalil, 388 Mass. 607, 609 (1983). When a "request" for a delay is made by either the person or his counsel, that general rule no longer applies and the hearing may commence beyond the mandatory five-day window. G. L. c. 123, § 7 (c).

Although the statute is silent as to whether the presiding judge must grant such a "request," we conclude that the plain language as well as the legislative intent of the statute require that the grant of a requested first continuance be mandatory where a denial thereof is reasonably likely to prejudice a person's ability to prepare a meaningful defense. See Sullivan v. Brookline, 435 Mass. 353, 360 (2001) ("statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do

---

[6] For clarity, the analysis will focus on the specific language of G. L. c. 123, § 7. However, G. L. c. 123, § 8B (c), and G. L. c. 123, § 5, contain language that is nearly identical to the "unless" clause of G. L. c. 123, § 7. Therefore, when a person or his or her counsel requests a delay under any of these provisions, the grant of it is mandatory when a denial thereof is reasonably likely to prejudice a person's ability to meaningfully prepare a defense.

so would achieve an illogical result").  The Legislature could have provided discretion to a judge when a party makes a "request" and did so elsewhere in the same statute.  See G. L. c. 123, § 17 (b) ("If the court in its discretion grants such a request . . .").  Further, any interpretation not making the grant of a continuance mandatory (absent a showing that denial of the continuance is not reasonably likely to prejudice a person's ability to prepare a meaningful defense) ignores the word "unless" in the statute.  See Sullivan v. Ward, 304 Mass. 614, 615-616 (1939).

This interpretation is consistent with the Legislature's intent to afford individuals more due process in civil commitment and medical treatment hearings than had been available previously.  Newton-Wellesley Hosp., 451 Mass. at 784. Prior to 2000, the statutory period for conducting the hearing was fourteen days and has since been statutorily reduced to five.[7]  G. L. c. 123, § 7 (c), as amended by St. 2004, c. 410, § 1.  These amendments make it clear that the Legislature intended to protect the individual's due process rights by minimizing the length of time for which he or she could be involuntarily committed prior to judicial review.  See District

_____

[7] In 2000, the number of days was reduced from fourteen to four and in 2004 the number was increased to five, and has remained there since.  See G. L. c. 123, § 7 (c), as amended by St. 2000, c. 249, § 1, and St. 2004, c. 410, § 1.

Court Committee on Mental Health and Retardation, Report of the Ad Hoc Committee to Review G. L. c. 123, § 12, at 1, 4 (Oct. 21, 1997) (recommending reduction in period between filing of petition and commencement of hearing pursuant to G. L. c. 123, §§ 7 and 8). This reduced time frame may be insufficient to prepare a meaningful defense in some cases, but the person's due process right are further protected by the "unless" clause in the statute, which creates a mechanism by which a person could delay the proceeding. See G. L. c. 123, § 7 (c). See also G. L. c. 123, § 8B (c). It is illogical that the Legislature would shorten the period for conducting these hearings and have it inure to the detriment of the individual's due process right to prepare a meaningful defense.

The length of the continuance is within the sound discretion of the judge. The length of the delay, however, should be only as long as is reasonably necessary to protect the individual's right to prepare a meaningful defense.[8] In

---

[8] We note that the legislative scheme contemplates that an adequate case may be prepared in two days, although this time frame may not be appropriate in all cases. See G. L. c. 123, § 5 ("The person shall be allowed not less than two days after the appearance of his counsel in which to prepare his case and a hearing shall be conducted forthwith after such period unless counsel requests a delay").

addition, this determination should be made solely with the patient's interests in mind.[9]

Where a judge denies the requested continuance she must state with particularity the reasons why the denial is not reasonably likely to prejudice a person's ability to prepare a meaningful defense on the record. Because the denial of a continuance will require the careful balancing of the due process rights of the person against any countervailing factors, these findings will be reviewed under an abuse of discretion standard.

We recognize that tension exists between a person's potentially urgent medical needs and that person's due process right to prepare a meaningful defense. Although the task of medical professionals in treating such persons may be challenging, under the statutory provisions at issue, expediency of treatment may not impinge on a person's right to prepare a defense. Procedures are in place to temporarily treat individuals while they await civil commitment hearings. See, e.g., Rogers v. Commissioner of the Dept. of Mental Health, 390 Mass. 489, 510-511 (1983). The infringement of a person's

---

[9] Although the statutes are designed to protect a person's right to prepare a meaningful defense, any delay will necessarily require that a person remain committed without judicial review for an additional length of time. A lengthy delay also may adversely affect a patient's medical situation, and it may be appropriate for a judge to consider this when determining the length of the continuance.

liberty interest resulting from involuntary commitment for six months is "massive" and should only be undertaken after the person has the opportunity to prepare a meaningful defense. See Newton-Wellesley Hosp., 451 Mass. at 784, quoting Commonwealth v. Nassar, 380 Mass. 908, 917 (1980).

Conclusion. The grant of a first request for a continuance pursuant to G. L. c. 123, § 7 (c) or 8B (c), is mandatory where a denial thereof is reasonably likely to prejudice a person's ability to prepare a meaningful defense. N.L.'s appeal is dismissed as moot.

So ordered.