NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12438


IN THE MATTER OF F.C.


May 17, 2018.


Mental Health.  Practice, Civil, Commitment of mentally ill
     person, Moot case.  Moot Question.



     Following F.C.'s involuntary hospitalization at McLean
Hospital, the hospital filed a petition for his commitment under
G. L. c. 123, §§ 7 and 8, and for other relief, pursuant G. L.
c. 123, § 8B.  A judge in the District Court denied F.C.'s first
and only request to continue the hearing date, and a hearing was
held, which resulted in F.C.'s involuntary commitment and
treatment.  F.C. appealed to the Appellate Division of the
District Court.  His appeal was stayed pending this court's
decision in Matter of N.L., 476 Mass. 632, 633 (2017)
(dismissing appeal as moot, but concluding that first
continuance request "is mandatory where a denial thereof is
reasonably likely to prejudice [a patient's] ability to prepare
a meaningful defense").  In the interim, F.C.'s condition
improved, and he was discharged from the facility.  Citing
Matter of N.L., supra, the Appellate Division summarily
dismissed the appeal as moot.  F.C. now appeals from the order
of the Appellate Division dismissing the appeal.

     We transferred the case from the Appeals Court on our own
motion to clarify that nothing we stated in Matter of N.L.,
supra, was intended to require the dismissal of such appeals as
moot, or otherwise to change the appellate process for appeals
involving commitment, treatment, and other orders issued
pursuant to G. L. c. 123, §§ 7, 8, and 8B, that have expired.
In this case, the Appellate Division erred in summarily
dismissing F.C.'s appeal as moot in reliance on Matter of N.L.,

something that was neither raised nor decided in that case.[1]  See Seney v. Morhy, 467 Mass. 58, 61 (2014) (because of continuing interest at stake, appeals of expired harassment protection orders are not moot and should be reviewed on their merits).  Contrast Allen v. Allen, 89 Mass. App. Ct. 403, 406-407 (2016) (in context of terminated order pursuant to G. L. c. 209A, appeal moot because "defendant has obtained all relief she could obtain by means of a successful appeal").

Appeals from expired or terminated commitment and treatment orders under G. L. c. 123, §§ 7, 8, and 8B, like appeals from expired harassment prevention orders (G. L. c. 258E) or expired abuse prevention orders (G. L. 209A), "should not be dismissed as moot where the parties have a continuing interest in the case."  See Seney v. Morhy, 467 Mass. at 62.  At the very least, a person who has been wrongfully committed or treated involuntarily has "a surviving interest in establishing that the orders were not lawfully issued, thereby, to a limited extent, removing a stigma from his name and record."[2] Id., quoting

---

[1] In Matter of N.L., 476 Mass. 632 (2017), this court was not asked to decide whether N.L. had a continuing personal stake in the expired order.  The court observed only that appellate review of "[i]ssues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance," and that such issues, even where moot, "present 'classic examples' of issues that are capable of repetition, yet evading review." Id. at 635, quoting Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 782 (2007).  Matter of N.L. should not be interpreted to require or permit dismissal of an appeal concerning the commitment and treatment of mentally ill persons without consideration of the merits of the appeal.

[2] The expired involuntary commitment order at issue in Matter of N.L. was entered prior to January 1, 2015, the effective date of G. L. c. 123, § 36C.  That statute now requires the transmission of certain identifying and nonclinical information about a person who has been involuntarily committed to the Department of Criminal Justice Information Services, which in turn submits to the United States Attorney General information required or permitted by Federal law to be included in the national instant criminal background check system.  G. L. c. 6, § 167A (h).  Although we conclude that a patient's continuing interest in removing stigma associated with an involuntary commitment is sufficient to require an appeal to be decided on its merits, we recognize that the statute itself may implicate ongoing Federal collateral consequences, providing an

Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998) (abuse prevention order).  Although an expired or terminated order may no longer have operative effect, the appeal should not be dismissed without considering the merits of the underlying order.  See Superintendent of Worcester State Hosp. v. Hagberg, 374 Mass. 271, 276 (1978) ("[m]ental illness does not carry the same stigma it once did, but we are not prepared to say that the stigma has entirely disappeared").

We therefore vacate the order of the Appellate Division dismissing the appeal as moot.  We remand the case to the Appellate Division for determination of the appeal on its merits.

So ordered.

Alice Whitehill Wiseberg, Committee for Public Counsel Services (Courtney A. Dunn Logan, Committee for Public Counsel Services, also present) for F.C.
Diane M. Geraghty Hall for S.L.R.

---

additional reason for needing to resolve the appeal on the merits.  See, e.g., In the Interest of B.A.C., 902 N.W.2d 767, 770 (N.D. 2017) (actual controversy on appeal where Federal firearms restriction is collateral consequence of court's order of involuntary hospitalization).