## KENNETH J. SENEY vs. DAWN MORHY.

Bristol. November 4, 2013. - January 28, 2014.

Present: IRELAND, C.J., SPINA, CORDY, GANTS, DUFFLY, & LENK, JJ.

*Civil Harassment. Harassment Prevention. Moot Question. Practice, Civil,* Appeal, Moot case, Findings by judge. *Protective Order.*

Discussion of G. L. c. 258E, which governs proceedings for civil harassment prevention orders. [60-61]

This court concluded that appeals from expired civil harassment prevention orders issued pursuant to G. L. c. 258E should not be dismissed as moot where the parties have a continuing interest in the case, including removing any stigma from the name, and any law enforcement records, of the party against whom such an order issued. [61-62]

A District Court judge erred in issuing a civil harassment prevention order pursuant to G. L. c. 258E, where the record did not support a finding that the entire course of harassment (i.e., the three incidents to which the plaintiff testified) caused fear, intimidation, abuse, or damage to property. [62-64]

COMPLAINT for protection from harassment filed in the Taunton Division of the District Court Department on April 19, 2011.

The case was heard by *Gregory L. Phillips*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Sharon L. Sullivan-Puccini* for the defendant.

IRELAND, C.J. We granted the defendant's application for further appellate review to determine whether appeals of expired harassment protection orders issued pursuant to G. L. c. 258E should be dismissed as moot. Because we conclude that appeals of such orders should be reviewed on their merits even if the orders have expired during the pendency of the appeal, and that, here, insufficient evidence supported the issuance of a harassment prevention order against the defendant, we remand the case to the District Court for entry of an order vacating the order.

*Background and procedure.* In April, 2011, the defendant, Dawn Morhy, and the plaintiff, Kenneth J. Seney, applied for harassment prevention orders against each other. Their requests for orders arose from disputes concerning a little league baseball team for which the defendant's son played. The plaintiff was an assistant coach of the team at the time. The subject of this appeal is the harassment prevention order against the defendant.[1] A District Court judge held hearings on April 19 and 22, 2011, during which the head and assistant coaches of the baseball team testified about the defendant's actions.

The plaintiff testified to three incidents in which he claimed he had been harassed by the defendant. First, the plaintiff learned that, in a telephone conversation with the head coach of the team, the defendant threatened to "punch [the plaintiff] in the face" and "break both of [his] knees" if he acted in a certain way toward her son, remarks that caused the plaintiff to fear that the defendant would physically injure him. Second, the plaintiff stated that he felt threatened when the defendant sent an electronic mail message to the head coach stating she would talk to other parents about the plaintiff.[2] He also asserted that, while at a baseball practice on April 17, 2011, the defendant threatened harm to him, and that he feared that she "would not stop berating [him] in front of all the other parents." During that third incident, he attempted to "defend [his] name." In his application for the harassment prevention order, the plaintiff wrote that he was fearful for himself and his family.

On April 22, 2011, the judge issued a harassment prevention order against the defendant that ordered her not to abuse, harass, or contact the plaintiff and to remain away from his residence.[3] The defendant filed her appeal approximately one month later,

---

[1] The plaintiff initially filed an application for a harassment prevention order against both the defendant and her husband. The judge denied the application against the husband and heard evidence on the application against the defendant.

[2] The defendant's electronic mail message to the head coach stated, in relevant part, that the plaintiff used "vulgar language," "berated" and "holl[ered] at" the children on the team, and should "be asked to take a seat"; and that the defendant would "forward this email along to the rest of the team if these issues are not resolved, and make others aware of the problems that they are obviously not aware of."

[3] The judge also issued a harassment prevention order against the plaintiff

on May 19, 2011. The harassment prevention order expired on April 20, 2012.

The defendant filed a motion to expedite her appeal in the Appeals Court, which was denied, and on November 13, 2012, the Appeals Court, citing *O'Brien* v. *Borowski*, 461 Mass. 415, 430 (2012), dismissed her appeal as moot because the harassment prevention order had expired.

*Discussion.* 1. *General Laws c. 258E.* In 2010, St. 2010, c. 23, entitled "An Act relative to harassment prevention orders," was enacted as G. L. c. 258E. *O'Brien*, 461 Mass. at 419. The law was intended to protect victims who could not legally seek protection under G. L. c. 209A.[4] *Id.* Civil harassment, insofar as is relevant here, is defined as "[three] or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1.

The proceedings for harassment prevention orders are civil in nature. When considering a complaint for such an order, the judge must review records of the Statewide domestic violence recordkeeping system and the court activity record information system. G. L. c. 258E, § 9. If the judge issues a harassment prevention order, information concerning the order is transmitted to the probation department for filing in those systems or in a system that records such orders. *Id.* Violations of harassment prevention orders, however, are criminal offenses.[5] The law also mandates that, if a judge vacates a harassment prevention order,

that ordered him not to abuse, harass, or contact the defendant and to remain away from her residence. The plaintiff has not appealed from the order against him.

[4]As discussed in *O'Brien* v. *Borowski*, 461 Mass. 415, 418 (2012), a person seeking a protective order pursuant to G. L. c. 209A could seek relief of abuse from "an adult or minor family or household member." On the other hand, "[c.] 258E was enacted in 2010 to allow individuals to obtain civil restraining orders against persons who are not family or household members." *Id.* at 419.

[5]Violations of a civil harassment order are "punishable by a fine of not more than $5,000, or by imprisonment for not more than 2 1/2 years in a house of correction, or both," and payment of other fees and assessments. The judge also may order that the defendant pay certain damages, including attorney's fees, to the plaintiff. G. L. c. 258E, §§ 4, 9.

law enforcement officials shall destroy "all record" concerning such order.[6] *Id.*

2. *Mootness.* The defendant argues that her appeal should not have been dismissed as moot because the issuance of a harassment order against her raises an issue "of public importance, capable of repetition, yet evading review," *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 274 (1978). She also argues that she still has a stake in the appeal because having a record of a harassment prevention order may adversely affect her in future proceedings. See *Frizado* v. *Frizado*, 420 Mass. 592, 593-594 (1995). Because of the lengthy appellate process, she contends, dismissal of appellate cases regarding expired harassment prevention orders will likely occur again. We agree.

"[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976). Where a case is "capable of repetition, yet evading review," dismissal on mootness grounds may be inappropriate. *Wolf* v. *Commissioner of Pub. Welfare*, 367 Mass. 293, 298 (1975), and cases cited. "In such circumstances, we do not hesitate to reach the merits of cases that no longer involve a live dispute so as to further the public interest." *Aime* v. *Commonwealth*, 414 Mass. 667, 670 (1993).

In *O'Brien*, where we examined the constitutionality of G. L. c. 258E and concluded that it "adequately ensure[s] that protected speech will not be found to be civil harassment," 461 Mass. at 428, we reviewed the merits of the expired harassment prevention order because the issues regarding G. L. c. 258E would likely arise again. *Id.* at 417. The record lacked adequate evidence to permit us to infer that the three requisite instances of civil harassment had occurred, and we also could not determine whether the alleged acts were willful and malicious acts directed at the plaintiff, "each committed with the intent to

---

[6]"Law enforcement agencies shall establish procedures adequate to ensure that an officer on the scene of an alleged violation of such order may be informed of the existence and terms of such order. The court shall notify the appropriate law enforcement agency in writing whenever any such order is vacated and shall direct the agency to destroy all record of such vacated order and such agency shall comply with that directive." G. L. c. 258E, § 9.

cause intimidation, abuse, damage to property, or fear of physical injury or property damage." *Id.* at 430. We remanded the case to a single justice of the county court with the directive to vacate the order.[7] *Id.*

Here, we conclude that appeals from expired harassment prevention orders, like appeals from expired abuse prevention orders, should not be dismissed as moot where the parties have a continuing interest in the case. See *Wooldridge* v. *Hickey*, 45 Mass. App. Ct. 637, 638 (1998) (party challenging legality of abuse prevention orders has "a surviving interest in establishing that the orders were not lawfully issued, thereby, to a limited extent, removing a stigma from his name and record"). "[A] wrongfully issued harassment prevention order [pursuant to G. L. c. 258E] poses the same concerns for a defendant about collateral consequences as does a wrongfully issued abuse prevention order [issued pursuant to G. L. c. 209A]." *Lawrence* v. *Gauthier*, 82 Mass. App. Ct. 904, 904-905 (2012). For example, it is possible that records of dismissed harassment prevention orders, similar to those created for abuse prevention orders,[8] could remain in law enforcement and probation records and thereby affect future proceedings utilizing those records. See *Frizado* v. *Frizado*, 420 Mass. at 593-594. In contrast, "all record" of harassment prevention orders that are vacated must be destroyed by the law enforcement agencies that enforce them. G. L. c. 258E, § 9. Moreover, appellate review of the merits of harassment prevention orders advances "[u]niformity of treatment of litigants and the development of a consistent body of law." *O'Brien*, 461 Mass. at 418, 430. The defendant here still has a stake in the outcome of the appeal, including removing any stigma from her name through the destruction of the order.

3. *Sufficiency of the evidence.* The defendant argues that there was insufficient evidence to issue the harassment prevention

---

[7]With the issuance of *O'Brien*, appeals from harassment prevention orders were required to be filed in the Appeals Court for review. 461 Mass. at 430.

[8]In 2010, complaints brought pursuant to G. L. c. 258E were docketed using the same case type, numbering system, and file folders that were used for entries of cases brought pursuant to G. L. c. 209A. See Memorandum from Chief Justice of the Trial Court Department to District Court Judges, Clerk-Magistrates, and Chief Probation Officers, Harassment Prevention Orders (G. L. c. 258E) (Apr. 13, 2010).

order against her because the three alleged acts of harassment were not done wilfully and maliciously and were not aimed at the plaintiff; and neither were committed with the intent to cause fear, intimidation, abuse, or property damage, nor had the effect of doing so. The record here does not support a finding that an "entire course of harassment" caused "fear, intimidation, abuse or damage to property." *O'Brien*, 461 Mass. at 426 n.8.

As we discussed in *O'Brien*, 461 Mass. at 426-427, an essential element of civil harassment is intent. Conduct may constitute civil harassment where an individual wilfully and maliciously uses "fighting words" that are "a direct personal insult addressed to a person" and "so personally abusive that they are plainly likely to provoke a violent reaction and cause a breach of the peace," *id.* at 423; or uses "true threats," such as "words or actions that — taking into account the context in which they arise — cause the victim to fear such harm now or in the future." *Id.* at 425. The conduct must have been intended to cause, and must actually cause, abuse (defined as "attempting to cause or causing physical harm to another or placing another in fear of imminent serious physical harm"), intimidation, fear of personal injury, or damage to property. *Id.* at 427, quoting G. L. c. 258E, § 1 (individual must "willfully commit[] three or more acts aimed at a specific person, *each with* the intent to cause fear, intimidation, abuse, or damage to property" [emphasis added]). The target of the harassment must have experienced an "entire course of harassment," the whole of which caused fear or intimidation amounting to more than "a fear of economic loss, of unfavorable publicity, or of defeat at the ballot box." *O'Brien*, 461 Mass. at 426 n.8, 427.

Here, we disagree with the judge that the incidents described by the plaintiff amounted to three requisite acts of harassment pursuant to G. L. c. 258E. The defendant's April 15, 2011, electronic mail message to the head coach of the baseball team, in which she described the plaintiff in unflattering terms, was not an act of harassment within the meaning of the statute because, at the very least, it was not directed at him and was not motivated by cruelty, hostility, or revenge. The record contains little information about the defendant's behavior towards the plaintiff during the altercation on April 17, 2009, other than his

statements that the defendant "verbally attacked and threatened to have [him] thrown off the team in front of numerous other parents" and that she "attacked [his] personal being in front of every single parent." Therefore, the defendant's actions on that date are also insufficient to constitute an act of harassment. Thus, even if we were to accept the judge's implicit findings that the defendant, in the telephone conversation with the head coach, wilfully and maliciously threatened to "punch [the plaintiff] in the face and break [his] knees" if he acted in a certain way toward her son, and that she intended to cause, and did cause, fear, abuse, intimidation, or damage to property, there were not three requisite acts forming a pattern of harassment. See *O'Brien*, 461 Mass. at 430.

In context, the defendant's actions against the plaintiff, although perhaps not "innocent" as she suggests, did not warrant an order pursuant to G. L. c. 258E. We therefore remand the case to the District Court for entry of an order vacating the harassment prevention order against the defendant.

*So ordered.*