The defendant, E.R.M., appeals from an order granting the application of the plaintiff, M.H., for a one-year harassment prevention order under G. L. c. 258E. Because the plaintiff failed to show that the defendant engaged in conduct that meets the definition of harassment, we vacate the harassment order.[1]
The defendant contends that her communications to the plaintiff neither constituted three acts of wilful and malicious conduct, nor were they sent with the requisite intent to cause fear, intimidation, abuse, or property damage. In reviewing the issuance of a c. 258E order, we "scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts." C.O. v. M.M., 442 Mass. 648, 655 (2004), quoting from Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).
The definition of harassment[2] applies to speech only if it falls outside the protections of the First Amendment to the United States Constitution, either by consisting of "fighting words" or "true threats." O'Brien v. Borowski, 461 Mass. 415, 422 (2012). See Seney v. Morhy, 467 Mass. 58, 63 (2014). "Fighting words" are "face-to-face personal insults that are so personally abusive that they are plainly likely to provoke a violent reaction and cause a breach of the peace." O'Brien, supra at 423. "True threats" are "words or actions that-taking into account the context in which they arise-cause the victim to fear [imminent physical harm or physical damage to property] now or in the future and evince intent on the part of the speaker or actor to cause such fear." Id. at 425. The plaintiff must demonstrate that the defendant committed each of the three acts with the requisite intent. See id. at 426 n.8.
The three electronic communications that the defendant sent directly to the plaintiff are not fighting words. The first consisted of the single word, "Goodbye." About one week later the defendant sent two short communications to the plaintiff within ten minutes. One communication said, "I'm really sorry for being so negative that day. Okay okay okay. I won't ever be like that again. I'm sorry." The next said, "God knows I'm sorry. Don't hate me please. lol." These messages were not communicated face-to-face, and even if we were to assume that fighting words may be delivered electronically, these communications do not contain any language that could be construed as an insult.
The defendant also sent electronic communications to a number of the plaintiff's female friends, all of which included essentially the same message: "Let [the plaintiff] know that I just went to the Boston police [department] in Dorchester and filed a rape report. Thanks."[3] These messages do not qualify as fighting words because they were sent to third parties and not communicated face-to-face to the plaintiff.
" 'True threats' encompass statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." O'Brien, supra at 423, quoting from Virginia v. Black, 583 U.S. 343, 359 (2003). "Intimidation" qualifies as a true threat "where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death."O'Brien, supra at 425, quoting from Black, supra at 360. Unlike fighting words, true threats can be communicated through intermediaries if the defendant intends for the threat to reach the victim. See Commonwealth v. Walters, 472 Mass. 680, 693-694 (2015).
None of the defendant's messages communicates a threat to commit an act of unlawful violence or an intent to place the plaintiff in fear of bodily harm or death. Saying "goodbye" and apologizing are not threats. The defendant's messages to the plaintiff's female friends show nothing more than an intent to deliver a message to the plaintiff that the defendant intended to file or had already filed criminal charges against him. See Gassman v. Reason, 90 Mass. App. Ct. 1, 9 (2016) ("[A] single application for a complaint against the plaintiff alleging an assault and battery, even though dismissed, cannot credibly be described as an act of harassment as that term is defined in the case law"). None of these statements threatened violence or demonstrated an intent to place the plaintiff in fear of bodily harm. The defendant may well have intended to harm the plaintiff's reputation, but speech intended to cause "a fear of economic loss, of unfavorable publicity, or of defeat at the ballot box" cannot be prohibited as civil harassment. O'Brien, supra at 427.
The plaintiff may have sincerely feared the defendant. See Gassman, supra ("[T]he question is only whether [the plaintiff] in fact was placed in fear, not whether the fear was reasonable"). "However, as the court stressed in Seney, 467 Mass. at 62, a plaintiff must also prove that the defendant acted with [the requisite intent]." Gassman, supra. Here, "there is simply no evidence that [the defendant] intended to cause any harm at all to [the plaintiff], much less that she wilfully committed three or more acts, aimed at [the plaintiff], each with the intent to cause fear, intimidation, abuse, or damage to property." Ibid.
Accordingly, the harassment prevention order should not have been granted.
Harassment prevention order vacated.

The defendant also appeals from the order denying her motion for reconsideration.

"Harassment" is defined as "3 or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1, inserted by St. 2010, c. 23.

In one of these messages, the defendant added, "[H]e's disgusting," and in another exchange, when the recipient asked, "Why are you telling me that?," the defendant responded, "I thought you guys were family otherwise close my bad[.] He'll probably tell you to block me but he's a rapist and let him know he's not getting off so easy. :)"