The plaintiff obtained a harassment prevention order (HPO) against the defendant pursuant to G. L. c. 258E. On appeal, the defendant claims that the judge erred in not (1) transferring the case to Housing Court; (2) granting his motion to dismiss; (3) allowing him to give a closing argument and submit proposed findings of facts and conclusions of law; (4) making findings on the record; (5) denying the plaintiff's petition due to insufficient evidence; and (6) disregarding his actions because they were constitutionally protected speech. Concluding that the evidence was insufficient to support its issuance, we vacate the HPO.
Sufficiency of the evidence. To obtain an HPO pursuant to G. L. c. 258E, a plaintiff must demonstrate harassment. G. L. c. 258E, § 3(a ). The statute defines harassment in pertinent part as "3 or more acts of willful and malicious conduct aimed at a specific person committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property." G. L. c. 258E, § 1, inserted by St. 2010, c. 23. Malicious is further defined as "characterized by cruelty, hostility or revenge." Ibid.
The plaintiff initially obtained an ex parte HPO, which was extended for one year after a hearing at which both the plaintiff and the defendant were present. At the extension hearing, the judge, who did not make findings, took testimony on the following events. On July 8, 2017, the defendant distributed flyers to buildings nearby the plaintiff's condominium building advising dog owners to maintain control over their dogs. These flyers, which referenced "recent Court proceedings and issuance of an injunction," stated that dogs must be kept on leashes and not be allowed to urinate on plants and flowers in that area. Those flyers did not identify either the plaintiff, her husband, or their dog.
At some point the plaintiff installed a security camera, which faced the walkway between the defendant's and the plaintiff's condominium buildings. On July 12 and 13, 2017, it captured the defendant stepping onto the outside entryway of the plaintiff's multiunit condominium building and departing within approximately one and one-half to two minutes. On July 14, 2017, the security camera also captured the defendant taking photographs of the security camera. Last, the plaintiff complained that on July 27, 2017, the defendant followed a few feet behind her on their walkway in violation of the ex parte HPO.
The defendant countered that he went to the plaintiff's building on July 12 and 13 to contact one of the plaintiff's condominium association trustees to protest the plaintiff's installation of a security camera that pointed toward his condominium. The July 14 footage of the defendant photographing the security camera supported this explanation, and the judge did not state that he was rejecting the defendant's explanation. The defendant also explained that his walkway encounter with the plaintiff in alleged violation of the HPO was accidental owing to the narrowness of the walkway where their condominium buildings were located, and that at that time, "not a word was exchanged and [he] just left."[2]
Based on this evidence, we cannot find, as we must, that the defendant committed three wilful and malicious acts against the plaintiff. Assuming arguendo that the defendant's presence on the walkway on July 27 at the same time as the plaintiff and without his immediate retreat, constituted one malicious act under the statute, in the circumstances presented here, the other acts the plaintiff complains of do not.
First, the flyers the defendant posted were not directed at the plaintiff. They pertained to the proper curbing of dog waste, went to every neighborhood building, and did not specify the plaintiff, her husband, or their dog.[3] Cf. Seney v. Morhy, 467 Mass. 58, 63 (2014) (electronic mail message written and sent by defendant to third party describing plaintiff "in unflattering terms ... was not directed at [plaintiff]").
Second, the July 12-14 visits to the plaintiff's condominium building, while slightly more concerning, also do not rise in this case to wilful or malicious acts directed at the plaintiff. The defendant gave plausible explanations for his presence at the outside entryway of the plaintiff's multiunit condominium building; these explanations were supported by the record and the judge did not state that he rejected them. Therefore, in these narrow circumstances, we cannot conclude that the HPO was supported by three malicious or wilful acts directed at the plaintiff. Accord O'Brien v. Borowski, 461 Mass. 415, 430 (2012) (where judge does not make findings and record alone does not support inference of harassment, HPO cannot stand). Accordingly, we vacate the HPO.[4]
Remaining claims. Concluding as we do, we need not reach the defendant's other claims of error.
Harassment prevention order vacated.

The plaintiff's and the defendant's residences, located in separate buildings, are diagonally across from each other -- separated only by a narrow, private walkway.

Deciding as we do, we need not address whether the flyers are constitutionally protected speech. See Bleich v. Maimonides Sch., 447 Mass. 38, 45 n.14 (2006) (cases should be decided first on questions of statutory construction or general law before being decided on constitutional questions).

Since, based on the record before this panel, the HPO has expired, remanding for further proceedings is pointless. See O'Brien, 461 Mass. at 430.