The defendant, J.E., appeals from a G. L. c. 258E harassment prevention order as issued on October 21, 2016 (original 258E order), and as extended on April 21, 2017 (258E extension order). We conclude that the appeal from the original 258E order is moot, and we affirm the 258E extension order.
Background. On October 21, 2016, the plaintiff, C.F.M., filed a complaint in District Court for a G. L. c. 209A abuse prevention order (209A order). The complaint and supporting affidavit alleged that she was or had been in a dating or engagement relationship with the defendant and that he had recently abused her by causing her physical harm. After a hearing at which the plaintiff testified and counsel for the defendant cross-examined her, a judge issued a 209A order against the defendant, which by its own terms was set to expire after six months.
Later that same afternoon, after the defendant's counsel had left the court room but while the plaintiff was before the judge on a related matter, the judge expressed concern that the nature of the relationship between the plaintiff and the defendant was insufficient to support the 209A order he had issued. The judge informed the plaintiff that he would issue an order requiring the defendant to stay away from her and her home and to refrain from abusing her, but that it would be a harassment prevention order. The judge then issued the original 258E order, which (like the 209A order) by its own terms was set to expire after six months.
Six months later, on April 21, 2017, the parties appeared before a second judge for an evidentiary hearing. At the hearing's conclusion, the judge informed the parties that, based on the evidence at the hearing, he was issuing the 258E extension order against the defendant for one year.[2] The defendant then filed a notice of appeal, listing both the original 258E order and the 258E extension order as the orders appealed from.[3]
Discussion. The defendant argues that the original 258E order was improperly issued and should be vacated. Specifically, he argues that the plaintiff did not offer evidence of three separate acts of harassment, see G. L. c. 258E, § 1, and that the judge's sua sponte decision to issue an order under G. L. c. 258E, without affording the defendant notice and an opportunity to be heard, violated his due process rights. But the defendant does not argue that the 258E extension order suffered from either of these defects or was otherwise improperly issued. Nor does he identify any continuing consequence of the original 258E order that is in any way separate or different from the consequences of the 258E extension order.[4] Cf. Seney v. Morhy, 467 Mass. 58, 62 (2014) (appeal from expired 258E order is not moot where order may have continuing collateral consequences). In these circumstances, we conclude that the issuance of the 258E extension order, which the defendant does not challenge, renders moot the appeal from the original 258E order.
The plaintiff, for her part, asks that we reinstate the 209A order -- the relief to which she believes she was originally, and remains, entitled. Assuming for purposes of argument that we could do so without her having filed a cross appeal, we decline her request. The evidence forming the basis for that request is now nearly two years old. Her entitlement to a 209A order depends, among other things, on whether the defendant is a "family or household member," G. L. c. 209A, § 3, a question that in turn depends, in this case, on whether she and the defendant had a substantive dating relationship. See G. L. c. 209A, § 1, as appearing in St. 1990, c. 403, § 2 (defining "[f]amily or household members" to include those who "are or have been in a substantive dating or engagement relationship," and listing four factors relevant to that determination, including "if the relationship has been terminated by either person, the length of time elapsed since the termination of the relationship"). A trial court is in the best position to determine in the first instance whether the plaintiff is currently entitled to a 209A order.
To avoid any doubt, however, we add that we do not understand either judge in this case to have finally determined whether the parties were or had been in a substantive dating relationship. Should the plaintiff seek another 209A order, that question remains open. Similarly, we see nothing in the statutes or in this record barring the plaintiff from seeking such an order even if a 258E order remains in effect. Finally, we note that under both G. L. c. 209A and G. L. c. 258E, "[t]he fact that [abuse or harassment] has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order, [or] allowing an order to expire or be vacated[,] or for refusing to issue a new order." G. L. c. 209A, § 3 (i ), as appearing in St. 1990, c. 403, § 3. G. L. c. 258E, § 3 (d ).
Conclusion. Insofar as the defendant appeals from the issuance of the original 258E order, that appeal is dismissed as moot. The 258E extension order is affirmed.
So ordered.
dismissed in part; affirmed in part.

The portion of the hearing transcript before us includes no discussion of the 209A order. That order appears to have expired by its terms on April 21, 2017, the defendant's notice of appeal does not refer to it, and the defendant does not argue that it was improperly issued or ask us to take any action regarding it.

The defendant obtained leave from a single justice to file a late notice of appeal from the original 258E order. We note that the 258E extension order is not reflected on the docket and is not included in the materials the parties have submitted to us, but neither party disputes that it was issued.

At oral argument the defendant suggested, without citation to authority, that the original 258E order created a presumption that contributed to the issuance of the 258E extension order. The law is to the contrary in the G. L. c. 209A context. "No presumption arises from the initial order; 'it is the plaintiff's burden to establish that the facts that exist at the time extension of the order is sought justify relief.' " MacDonald v. Caruso, 467 Mass. 382, 386 (2014), quoting Smith v. Jones, 67 Mass. App. Ct. 129, 133-134 (2006). And, "for the most part, both the Supreme Judicial Court and this court have applied the case law relating to c. 209A to cases arising under c. 258E." A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (2017).