The defendant appeals from the issuance of a harassment prevention order under G. L. c. 258E. He contends that the plaintiff, with whom he was once in a relationship, did not prove the necessary three or more acts of harassment.[2]
We review a harassment prevention order to determine "whether the judge could find, by a preponderance of the evidence, together with all permissible inferences," that the plaintiff made the following two showings. Gassman v. Reason, 90 Mass. App. Ct. 1, 7 (2016). First, the plaintiff "must prove that the defendant, motivated by cruelty, hostility, or revenge, wilfully committed three or more acts aimed at a specific person, each with the intent to cause that person to experience fear or intimidation, or to cause abuse or damage to property." O'Brien v. Borowski, 461 Mass. 415, 426 (2012). Second, the plaintiff must prove that the acts, "considered together, did in fact cause fear, intimidation, abuse, or damage to property." Id.
After reviewing the plaintiff's affidavit, as well as the transcript of the hearing, we conclude that the order should not have issued as there was insufficient evidence of three acts of harassment. We discern from the record just one act that could fairly qualify as harassment. This act occurred on October 21, 2016, when the defendant arrived at the plaintiff's home heavily intoxicated, forcing the plaintiff to call the police to remove him from the home.
The two other incidents identified in the plaintiff's affidavit and explored at the hearing do not constitute harassment. First, the plaintiff, who was employed as a medical assistant, claimed that the defendant and his former girlfriend went to the plaintiff's workplace to file a complaint against her for sharing the girlfriend's medical information. Even if the defendant's intent was to give the plaintiff's employer reason to fire her, as alleged in the affidavit, that would not equate with an intent to cause fear, intimidation, abuse, or damage to property. At most, the motivation behind the complaint was to cause "fear of economic loss," which is not "enough to make [the complaint] a 'true threat' that may be prohibited as civil harassment." O'Brien, 461 Mass. at 427 ("There is nothing in the language of the act or in its legislative history to suggest that the Legislature intended 'fear' to mean more than fear of physical harm or property damage ...").
Second, the plaintiff alleged that the defendant's former girlfriend filed a similar complaint with the plaintiff's college. For the same reasons, this incident did not establish the requisite intent on the part of the defendant to cause fear of physical harm or damage to property. Additionally, the plaintiff offered no evidence beyond mere speculation that the defendant or anyone acting under his direction was involved in filing the complaint.[3]
We vacate the harassment prevention order and remand the matter to the District Court to direct the appropriate law enforcement agencies to destroy all records of the order. See G. L. c. 258E, § 9.
So ordered.
Vacated and remanded

The defendant also claims that he was denied procedural due process because the judge did not issue findings of fact. Given our decision we need not address this argument.

The plaintiff also testified that "on multiple occasions" the defendant told her "that there's a price to pay," "that he gets his revenge worse than what was done to him," and "that he needs to level the playing field [and] get his revenge in retaliation." As these allegations were not further developed, the judge permissibly found them insufficient to prove harassment. See Seney v. Morhy, 467 Mass. 58, 63-64 (2014) ; O'Brien, 461 Mass. at 420.