NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-545

T.D.

vs.

E.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a harassment prevention order issued against him, and extended for one year, under G. L. c. 258E. He contends that the order was issued and extended in error, because the plaintiff did not present sufficient evidence of three acts of "harassment," as the statute requires. We agree and accordingly vacate the orders.

Background. The plaintiff and the defendant were involved in a dating relationship intermittently between 2015 and 2019. In May of 2021, after their relationship had ended, the plaintiff sought an abuse prevention order against the defendant pursuant to G. L. c. 209A. In support of her application, the plaintiff averred that (1) in February of 2021, the defendant posted "sexually provocative photos" of her on the Internet, (2) the defendant had "attempted to contact [the plaintiff] . . .

several times" via various means, including in May and November of 2020, and (3) the plaintiff saw the defendant outside of her apartment in March of 2021.  At an ex parte hearing on May 11, 2021, a District Court judge declined to issue an abuse prevention order under G. L. c. 209A, because the plaintiff testified, in response to questions by the judge, that the defendant had not caused her physical harm, had not threatened to do so, and had not caused her to fear imminent serious bodily injury.  The judge did, however, issue a harassment prevention order under G. L. c. 258E, based on the plaintiff's testimony that the defendant had been posting nude photographs of her on the Internet, and that she had seen the defendant outside of her apartment.

On May 25, 2021, the plaintiff and the defendant appeared before a different judge for a hearing on whether to extend the order.  At this hearing, the plaintiff testified that the defendant had posted naked photographs of her on the Internet in the past (around five or six years prior), and more recently, the photographs had been reposted on various websites.  The plaintiff testified that she had reported the postings to the police several times, and that in each instance the police had tracked the postings back to "China or India."[1]

_____

[1] The plaintiff agreed that she did not have direct proof that it was the defendant who had posted the photographs, but testified

2

The plaintiff also submitted in evidence some of the electronic messages referenced in her affidavit. Sequentially, the first was a text message exchange from August of 2018, in which the defendant called the plaintiff a "slut." The second was a social media message from the defendant in November of 2018, in which the defendant expressed regret for (unspecified) prior actions, but which also contained the phrase "I know you live close to me," and ended by calling the plaintiff "dick breath."[2] Several times, the plaintiff sent electronic messages to the defendant stating, "Please stop contacting me." After that, in May of 2020, the defendant sent her a third social media message asking "[a]re you busy?" The plaintiff also described a fourth text message, which she did not produce, from November of 2020, in which the defendant had again expressed that he knew where she lived.[3] Finally, the plaintiff testified

_____

that the defendant was the only one to whom she had sent them. The defendant denied having posted the photographs.

[2] The message read:

> "Okay, well I think I'm blocked, but I know you live close to me. I'm sorry that I took out the hate for myself on you so many times. I regret it, but I'm happy to have you as a part of my life. You taught me to care when you didn't want to, . . . showed me loyalty should be shown even when others don't show it. And, most of all care by you even when you didn't care about yourself. Good luck, dick breath."

[3] The message was not introduced in evidence or inspected by the judge, see Mass. G. Evid. § 1119(c) (2022), because the plaintiff "could not find" it.

that, one evening at about 10 P.M. in March of 2021, she saw the defendant outside of her apartment staring at her as she walked into the building.[4] She stated that she thought the defendant's actions were intentional and malicious, and intended to intimidate and threaten her.

The judge extended the order for one year, finding that the defendant had "harassed [the plaintiff] as per the statute." The judge stated his reasons on the record. He expressly did not base his determination "on the anonymous posting of the photographs," finding the evidence insufficient to conclude that the defendant was the poster. Instead, he cited the defendant's "name calling, the persistent contact, and the contact as recent as November of" 2020. He further "did not credit" the defendant's testimony that he had not been outside the plaintiff's apartment.

Discussion. On appeal, the defendant argues that the evidence was insufficient to establish "harassment," as defined in G. L. c. 258E, and thus that the harassment prevention order was issued and extended in error. "Harassment" in this context requires a pattern, specifically, "[three] or more acts of willful and malicious conduct aimed at a specific person

---

[4] The defendant testified that he was not at the plaintiff's apartment in March of 2021 and that he was not aware the plaintiff lived at that location until he received notice of the ex parte order.

4

committed with the intent to cause fear, intimidation, abuse or damage to property and that does in fact cause fear, intimidation, abuse or damage to property."  G. L. c. 258E, § 1. Where, as here, some of the conduct involves speech, that speech must constitute "true threats" or "fighting words" to qualify as an act of harassment.  Seney v. Morhy, 467 Mass. 58, 63 (2014). O'Brien v. Borowksi, 461 Mass. 415, 423-425 (2012).  We review to determine "whether the judge could find, by a preponderance of the evidence, together with all permissible inferences, that the defendant committed acts that constituted" harassment. A.S.R. v. A.K.A., 92 Mass. App. Ct. 270, 274 (2017).  Because the judge here did not articulate which of the defendant's actions constituted the three acts, our review is based on the entirety of the record.  See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 256 (2022).

To begin, we note that the judge did not base his decision on the defendant's alleged postings of the nude photographs, finding that the evidence was insufficient to attribute those postings to the defendant.  The alleged postings therefore could not have constituted an act of harassment.[5]  Cf. R.S. v. A.P.B.,

---

[5] Despite the judge's comment that "the reasonable inference" could trace the posts back to the defendant, he ultimately "did not find the evidence sufficient to put that posting on him directly" and did not "base" his order "on the anonymous posting of the photographs."

95 Mass. App. Ct. 372, 377 (2019) ("evidence of who sent" messages from a "fake [social media] account . . . was insufficient to conclude that it was the defendant").

The defendant's waiting outside of the plaintiff's apartment at night in March of 2021 and staring at her qualified as an act of harassment. The judge expressly did not credit the defendant's testimony that he was not present, and the judge could have found an act of harassment based on the plaintiff's testimony that she saw the defendant staring at her and that this, along with the defendant's other actions, had intimidated her. See A.S.R., 92 Mass. App. Ct. at 279 (enough evidence of intent where judge "disbelieve[d]" defendant's testimony).

We turn to the electronic messages, all of which were sent before that March 2021 incident. In order to qualify as acts of harassment, the electronic messages had to rise to the level of "true threats" or "fighting words." "True threats" are "words or actions that" in context "cause the victim to fear [physical] harm . . . and evince intent on the part of the speaker . . . to cause such fear"; "fighting words" are those "inherently likely to provoke violence." O'Brien, 461 Mass. at 423-425.

As to the August 2018 electronic message, as crude as it was, it did not as a matter of law constitute an act of harassment, particularly because the plaintiff had told the judge that the defendant had never threatened her with physical

6

harm or put her in fear of serious bodily injury.  Without evidence that the defendant's words placed the plaintiff in fear of physical harm, that the defendant called the plaintiff offensive names in August 2018 did not amount to a true threat. See Van Liew v. Stansfield, 474 Mass. 31, 39 (2016) ("insults . . . failed to qualify as fighting words or true threats"); A.R. v. L.C., 93 Mass. App. Ct. 758, 761 (2018) ("conduct . . . considered harassing . . . in the colloquial sense . . . [might] not [be] adequate to meet the [O'Brien] standard").  And nothing else about that message, or its context, evinces that the defendant intended to cause the plaintiff fear of physical harm. See R.S., 95 Mass. App. Ct. at 376 (persistence alone insufficient to establish harassment).

We are of the same view regarding the defendant's social media message from November of 2018, two plus years before the plaintiff sought the harassment prevention order.  True, that posting does contain a line that the defendant knew the plaintiff lived close to him, which, in another context, might be a veiled threat.  But the message's entire context renders such an inference unreasonable.  The message noted that, as of November 2018, the defendant apparently was having difficulty communicating with the plaintiff, as he had been "blocked," but the message expressed no threat.  Among other things, the defendant expressed remorse for his past actions and

7

"happ[iness]" for the way the plaintiff had treated him. Considering that context, the November 2018 message could not qualify as a "true threat" for G. L. c. 258E purposes. See O'Brien, 461 Mass. at 425 (context considered).

The defendant sent the May 2020 social media message asking "[a]re you busy?" after the plaintiff had told him not to contact her. In some circumstances, evidence that a defendant made contact after having been told not to do so might show that the defendant intended to cause fear and thus qualify as an act of harassment. Cf. Ilan I. v. Melody M., 96 Mass. App. Ct. 639, 646 (2019) (defendant "displayed a pattern of escalating conduct that no amount of entreaties, a no trespass notice, or threat of litigation had quelled"). See O'Brien, 461 Mass. at 426 n.8 (judge "must look to the cumulative pattern of harassment, and need not find that each act in fact caused fear, intimidation, [or] abuse"). Here, however, in the context of the plaintiff's telling the judge that the defendant had never threatened her with physical harm or put her in fear of serious bodily injury, the message "[a]re you busy?" did not amount to an act of harassment.

As for the plaintiff's testimony that in November 2020 the defendant sent her a text message saying that he knew where she lived, we need not reach the question whether it constituted a

8

threat or fighting words, as it would comprise only the second act where three are required.

Accordingly, the now-expired ex parte and extension orders must be vacated. We remand to the District Court for entry of an order vacating and setting aside the harassment prevention orders and for further actions required by G. L. c. 258E, § 9. See F.K. v. S.C., 481 Mass 325, 335 (2019); Seney, 467 Mass. at 60-61.

So ordered.

By the Court (Englander,
Grant & Brennan, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: March 22, 2023.

---

[6] The panelists are listed in order of seniority.