NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-61

COMMONWEALTH

vs.

BEATRICE GLORIA SOLIVAN-RODRIGUEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from the defendant's conviction in the Springfield District Court, following a jury trial, of one count of violating a harassment prevention order, G. L. c. 258E, § 9.[1] On appeal, she argues that (1) she was denied a fair trial because the Commonwealth repeatedly referenced accountability and made other impermissible statements in its opening remarks and closing argument, and (2) the trial judge erred in denying her motion for a mistrial after spontaneous prejudicial statements by a witness. Although there were errors below, we conclude that they did not by themselves or in toto cause a

---

[1] The defendant was originally charged with one count each of violating a harassment prevention order, G. L. c. 258E, § 9, disorderly conduct, G. L. c. 272, § 53, and witness intimidation, G. L. c. 268, § 13B. She was acquitted of the latter two charges.

substantial risk of a miscarriage of justice and affirm the judgment.

Discussion. 1. Prosecutor's statements. The defendant argues that the Commonwealth made several impermissible statements during opening remarks and closing argument that resulted in a substantial risk of miscarriage of justice.[2] She further asserts that the Commonwealth appealed to the jury's sympathy, and misstated evidence not in the record during its summation.[3] "Because there was no objection to the admission of the challenged remarks, we review the defendant's claim[s] under the substantial risk of a miscarriage of justice standard." Commonwealth v. Rivera, 97 Mass. App. Ct. 285, 289 (2020).

"Remarks made during closing argument are considered in the context of the entire argument, together with the evidence presented at trial and the judge's instructions to the jury." Commonwealth v. Huang, 489 Mass. 162, 180 (2022). "[P]rior cases have suggested that holding the defendant accountable is

---

[2] In the Commonwealth's opening statement, it told the jury "this case is about accountability or taking the consequences of one's own actions," "[t]oday [the defendant is] held accountable," and "I'm going to ask you to hold the defendant accountable and return a verdict of guilty." During its closing argument, it stated "[t]his morning I told you that this case was about accountability. Well now I'm asking you to hold the defendant accountable and return a verdict of guilty."

[3] During its closing argument, the Commonwealth stated "[t]his event has been stressful for [the complaining witness]. [She] testified that she's sick." It further stated that the defendant "was violently upset."

improper language."  Commonwealth v. Jenkins, 458 Mass. 791, 797 (2011).  See Huang, 489 Mass. at 181.  We therefore conclude, and the Commonwealth concedes, that the references to accountability were improper.

However, under our substantial risk of a miscarriage of justice standard, we look further and consider whether the error "materially influence[d] the verdict" (citation omitted). Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).  We discern no such material influence here.  At the outset, we note that the judge stated in his jury instructions that "[t]he opening statements and the closing arguments of the lawyers are not a substitute for the evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties."  Furthermore, Officers Michael Rivas and Jonathan Torres testified that they saw the defendant address the complaining witness directly, and, irrespective of the Commonwealth's prohibited remarks, the jury were free to credit that testimony.[4]  See Commonwealth v. McGann, 484 Mass. 312, 326 (2020).  The defendant did not contest that testimony. Violation of an anti-harassment order is a criminal offense "punishable by a fine of not more than $5,000, or by

_____

[4] Officer Rivas testified that the defendant said to the complaining witness "[y]ou fucking stupid bitch.  You're the reason I called.  Fuck you."

3

imprisonment for not more than 2 1/2 years in a house of correction, or both." Seney v. Morhy, 467 Mass. 58, 60 n.5 (2014), quoting G. L. c. 258E, §§ 4, 9. The defendant's anti-harassment order instructed her, inter alia, "[not to contact the plaintiff] . . . in person." In light of the sound jury instructions and evidence so directly suggesting that the defendant violated the harassment prevention order, we are constrained to conclude that there was no substantial risk of a miscarriage of justice. See Alphas, 430 Mass. at 13-14.

We disagree with the defendant's assertion that the Commonwealth impermissibly appealed to the jury's sympathy and misstated evidence not in the record during its closing argument. "It is well settled that '[a] prosecutor can address, in a closing argument, a witness's demeanor, motive for testifying, and believability, provided such remarks are based on the evidence, or fair inferences drawn from it, and are not based on the prosecutor's personal beliefs.'" Commonwealth v. Leach, 73 Mass. App. Ct. 758, 767 n.10 (2009), quoting Commonwealth v. Freeman, 430 Mass. 111, 118-119 (1999). See also Commonwealth v. Matos, 95 Mass. App. Ct. 343, 354 (2019) (prosecutors entitled "to marshal the evidence and suggest inferences that the jury may draw from it" [citation omitted]).

4

The Commonwealth's remarks in this respect did not exceed permissible bounds.[5]  See Huang, 489 Mass. at 180; Matos, supra.

2.  Spontaneous testimony.  The defendant further argues that the trial judge erred by denying the defendant's request for a mistrial following spontaneous prejudicial statements made by the complaining witness.  During cross-examination, the complaining witness testified three times that the defendant had been in or recently released from jail.  After the first and second occurrences, which were in rapid succession, the Commonwealth objected, and the court held a discussion at sidebar.[6]  The defendant's attorney said at the end of that discussion that he had nothing to put on the record, then he continued cross-examination, during which time the complaining witness stated for a third time, this time without objection, that the defendant had been released from jail.  Following a recess that occurred shortly after these statements were made, counsel for the defendant stated that he could not hear the witness's answers at the time they were given and moved for a mistrial based on the statements referencing the defendant's

_____

[5] Even assuming without deciding that the statements characterizing a witness's demeanor and evidence in the record were error, we would nevertheless discern no substantial risk of a miscarriage of justice, pursuant to our analysis supra.  See Alphas, 430 Mass. at 13-14.

[6] Portions of the sidebar discussion were not included in the record before this court because they were inaudible to the court reporter.

time in jail.  The trial judge inquired of the defendant whether she would like a curative instruction if he declined the motion for a mistrial, and the defendant stated that she did not want such an instruction.  The judge denied the motion for a mistrial.  We discern no error.

"Where a party seeks a mistrial in response to the jury's exposure to inadmissible evidence, the judge may correctly rely on curative instructions as an adequate means to correct any error and to remedy any prejudice to the defendant."  Commonwealth v. Gamboa, 490 Mass. 294, 297-298 (2022), quoting Commonwealth v. Bryant, 482 Mass. 731, 740 (2019).  Because the defendant did not object at the time the statements were made, the issue was not preserved for review.  As we explained in Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 692-693 (2015), "[w]e have a contemporaneous objection rule, not a retroactive objection rule.  Order in the administration of criminal justice requires that if a defendant is aggrieved by what transpires during his trial, [she] must assert a timely objection or claim of error" (quotations and citation omitted).  Although defense counsel stated he could not hear the witness's statements at the time they were made because of a hearing deficiency, he did not put that on the record during the sidebar discussion of the Commonwealth's objection, and he did not claim to have missed any of the witness's other answers.  "Because the defendant's

6

claim was not preserved, we review to determine whether an error occurred and, if so, whether that error created a substantial risk of a miscarriage of justice."[7]  Id.

Here, at a minimum, the trial judge could have addressed the jury's exposure to inapposite testimony by providing an instruction to disregard it.  The defendant was offered the opportunity to have such a curative instruction provided to the jury but declined.  Although unsuccessful, her strategy[8] was reasonable in light of the significant evidence against her.  That the strategy may have failed, while unfortunate for the defendant, does not create a substantial risk of a miscarriage of justice.  See Alphas, 430 Mass. at 13-14.

Judgment affirmed.

By the Court (Meade,
Desmond & Hand, JJ.[9]),

Joseph F. Stanton

Clerk

Entered:  May 18, 2023.

---

[7] Because the judge denied her motion for a mistrial, the defendant argues that this court should review the denial of her motion for abuse of discretion.  However, the cases cited by the defendant in support of her proposition are unavailing.  See, e.g., Commonwealth v. Riberio, 49 Mass. App. Ct. 7, 8-10 (2000).  Even if we were to review for abuse of discretion, we would discern none here.  See Gamboa, 490 Mass. at 297-298.

[8] By declining a curative instruction, the defendant apparently hoped to avoid drawing additional attention to her previous incarceration.

[9] The panelists are listed in order of seniority.

7