NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-291

K.B.

vs.

D.O.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, D.O., appeals from an order of the District Court dated September 22, 2022, extending a harassment prevention order issued pursuant to G. L. c. 258E.  Because we cannot identify three acts of harassment on this record, we vacate the order and remand.

Background.  On September 7, 2022, the plaintiff applied for an ex parte harassment prevention order against the defendant pursuant to G. L. c. 258E.  The plaintiff is an investigator for the Department of Children and Families.  The plaintiff investigated reports that the defendant had abused or neglected her children.  The plaintiff's affidavit asserted that she was "scared for [her] physical safety" because the defendant had posted "continuous threats towards [the plaintiff] online."  The threats the plaintiff alleged included the defendant posting

on social media a picture of the plaintiff as a juvenile; posting the plaintiff's husband's obituary, which included the names of the plaintiff's children; "using [the plaintiff's] photo to slander government agencies;" and stating that "she will do whatever it takes to take [the plaintiff] down." The judge issued the ex parte order and a two-party hearing was scheduled for September 22, 2022.

At the hearing, both the plaintiff and the defendant were present. Neither party was represented by counsel. The plaintiff testified that the defendant's actions caused her to feel "terrified, intimidated, fearful and anxious." She reiterated several of her complaints about the defendant's social media posts, which included the plaintiff's husband's obituary, a photo of the plaintiff as a minor, and a statement that the defendant would "take [the plaintiff] down if it's the last thing she does." The plaintiff also testified that the defendant posted a statement that read, "Closer to her children every single day. That must really freak you out, [plaintiff]. You are probably wetting yourself right now." Finally, the plaintiff alleged that the defendant posted a news story about DCF misconduct, with a comment that the plaintiff was "probably involved."

The defendant argued that her social media posts were not proper grounds for a harassment prevention order because they

2

were neither "true threat[s]" nor "fighting words" and instead amounted to "First Amendment protected speech." As context for her statements, she testified that the plaintiff had damaged her family life with an illegitimate and discriminatory DCF investigation that wrongly caused the defendant to be separated from her children.

The judge credited the plaintiff's testimony as to the content of the defendant's social media posts. He found that the plaintiff had demonstrated "a substantial likelihood of immediate danger of abuse" and that "there has been testimony pertaining to three or more acts aimed specifically by [the defendant] at [the plaintiff]." The judge did not identify which three acts he found qualified as unlawful harassment. The judge extended the harassment prevent order, which was in effect until September 21, 2023. The defendant appealed the order to this court.

Discussion. The defendant argues that the District Court judge abused his discretion by extending the harassment prevention order when there was insufficient evidence that the defendant made "true threats" against the plaintiff, and that there were not three incidents of harassment against the plaintiff, as the statute requires. "[T]here are two layers of intent required to prove civil harassment under c. 258E: the acts of harassment must be wil[l]ful and '[m]alicious,' the

3

latter defined as 'characterized by cruelty, hostility or revenge,' and they must be committed with 'the intent to cause fear, intimidation, abuse or damage to property.'" O'Brien v. Borowksi, 461 Mass. 415, 420 (2012), quoting G. L. c. 258E, § 1.

To prevent chilling a defendant's rights under the First Amendment, that speech must constitute "true threats" or "fighting words" to qualify as an act of harassment. Seney v. Morhy, 467 Mass. 58, 63 (2014). "[T]he 'true threat' doctrine applies . . . [both] to direct threats of imminent physical harm, [and] to words or actions that -- taking into account the context in which they arise -- cause the victim to fear such harm now or in the future and evince intent on the part of the speaker or actor to cause such fear." O'Brien, 461 Mass. at 425. "[T]he true threats cannot be threats to do just any kind of harm; they must be intended to cause 'fear of physical harm' or . . . 'physical damage to property.'" A.R. v. L.C., 93 Mass. App. Ct. 758, 760 (2018), quoting O'Brien, supra at 427. Because the judge did not identify which of the defendant's actions constituted three acts of harassment, we review the entirety of the record.

Here, the defendant did not send any messages to the plaintiff or otherwise contact her directly, but instead made the plaintiff the subject of Facebook posts of which the plaintiff was made aware by another person who viewed the posts.

4

Based on the plaintiff's description of these posts, which the judge credited, they neither threatened physical harm toward the plaintiff nor damage to the plaintiff's property.

The posts, instead, appeared to target the plaintiff's reputation and cause her emotional distress. The defendant's posting of the husband's obituary, for example, does not appear to be a threat to cause the plaintiff physical harm, but instead to upset the plaintiff by highlighting her husband's passing. Reposting this publicly available information may be distasteful or even contemptible; it is not a true threat under c. 258E.

As for the defendant's posted statement that she would "take [the plaintiff] down if it's the last thing she does," we view this as a promise to inflict reputational damage and not cause physical harm to the plaintiff. This does not qualify as a "true threat" under c. 258E. O'Brien, supra at 427 ("unfavorable publicity . . . cannot be enough to make the threat a 'true threat' that may be prohibited as civil harassment"). However, even if a "true threat" that would only be one act of unlawful harassment. The news story the defendant posted about DCF misconduct with which she stated the plaintiff was "probably involved" is not a threat. This post targeted the plaintiff's professional reputation, which does not amount to civil harassment under the statute.

5

The plaintiff also testified to a post by the defendant which read, "Closer to her children every single day. That must really freak you out, [plaintiff]. You are probably wetting yourself right now." While it could be suggested that by writing "her children" the defendant was referring to the plaintiff's children, we think it more plausible that the defendant was referencing her own children, from whom she had apparently been separated as a result of the plaintiff's DCF investigation. Accordingly, this statement does not qualify as a true threat. However, even if a true threat, that would be only the second act of unlawful harassment.

We recognize that this dispute has caused both parties significant distress. However, to ensure that courts are not improperly restricting freedom of speech, "the term 'harass' has a specific definition in this context, derived from the statute and case law, a definition much more exacting than common usage." Gassman v. Reason, 90 Mass. App. Ct. 1, 8 (2016). Because the evidence adduced at the hearing failed to satisfy the threshold requirements of G. L. c. 258E, § 1, the harassment prevention order should not have issued and must be vacated. Moreover, "if a judge vacates a harassment prevention order, law enforcement officials shall destroy 'all record' concerning such order." Seney, 467 Mass. at 60-61, quoting G. L. c. 258E, § 9. The order dated September 22, 2022, is vacated, and the case is

6

remanded for further actions as required by G. L. c. 258E, § 9.

See F.K. v. S.C., 481 Mass. 325, 335 (2019).

                               So ordered.

                               By the Court (Henry,
D'Angelo & Hodgens, JJ.[1]),

Anne M. Thomas
Assistant Clerk

Entered:  February 15, 2024.

---

[1] The panelists are listed in order of seniority.

7