NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-638

J.P.

vs.

T.O.

## MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal from an extension of a harassment prevention order issued pursuant to G. L. c. 258E.[1]  The original harassment prevention order was entered on May 6, 2022, after a hearing at which both parties testified.  The extension order, which is the subject of this appeal, was entered on December 30, 2022, again after a hearing at which both parties testified.[2]

---

[1] The extension order itself is titled "Findings and Ruling on Request for Extension of 209A Order."  However, it is clear from other documents in the record, including the original harassment prevention order and the transcript of the extension hearing, that the judge understood and intended the extension order to be issued under c. 258E.

[2] While the extension order indicates that the order would terminate on December 29, 2023, this case is not moot.  See Seney v. Morhy, 467 Mass. 58, 62 (2014) ("appeals from expired harassment prevention orders, like appeals from expired abuse

Subsequent to the entry of the December 30, 2022 extension order, a panel of this court on appeal vacated the initial May 6, 2022 order. The panel's Rule 23.0 memorandum and order concluded: "[b]ecause we agree there was insufficient evidence of three or more willful acts by the defendant aimed at the plaintiff, each with the intent to cause fear, intimidation, abuse, or damage to property, we vacate the order." J.P. v. T.O., 102 Mass. App. Ct. 1124 (2023).

The prior decision vacating the May 6, 2022 order foreordains the result in this case, which is that the December 30, 2022 order must also be vacated. The relevant facts are not materially in dispute, and are set forth in the prior decision. In brief, the plaintiff and the defendant grew up in the same neighborhood, and had known each other for many years prior to May of 2022. The defendant had contacted the plaintiff many times by text message and social media platforms prior to May of 2022, although contact had been infrequent since sometime in 2020. The prior decision explains in detail why the defendant's contacts with the plaintiff (and other actions) did not qualify as three separate acts of harassment as defined in O'Brien v. Borowski, 461 Mass. 415, 426 (2012). Importantly for our

prevention orders, should not be dismissed as moot where the parties have a continuing interest in the case").

2

purposes, it is not disputed that the defendant did not have <u>any</u> further contact with the plaintiff between the May 6, 2022 hearing and the December 30, 2022 hearing.  Nor did the plaintiff testify to any additional pre-May 6, 2022 contacts when she testified at the December 30, 2022 hearing.  Inasmuch as the pre-May 6, 2022 contacts were legally insufficient to justify a c. 258E order and there was no further contact thereafter, it follows that there was no sufficient basis for the December 30, 2022 extension order, and it must be vacated.

<u>So ordered</u>.

By the Court (Meade, Englander & Hodgens, JJ.[3]),

Assistant Clerk

Entered:  May 28, 2024.

---

[3] The panelists are listed in order of seniority.